ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| MUNICIPIO DE OROCOVIS<br><br>Parte Recurrida<br><br>v.<br><br>JOSÉ ANTONIO FIGUEROA Y OTROS<br><br>Parte Peticionaria | KLCE202400150 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Civil Núm.: OR2023CV00179<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece el señor José Antonio Figueroa y su esposa, señora Carmen M. Colón Rolón (parte peticionaria) y solicita que revoquemos una orden interlocutoria emitida el 22 de enero de 2024, y notificada el 24 de enero de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Aibonito.

La parte recurrida, Municipio de Orocovis, presentó su *Alegato en Oposición a Certiorari Interlocutorio* el 20 de febrero de 2024.

Luego de evaluar el recurso, nos es forzoso desestimarlo por falta de jurisdicción.

**I.**

El 13 de septiembre de 2023, el Municipio de Orocovis (Municipio) instó una demanda de *injunction* preliminar y

Número Identificador
RES2024_____

permanente, *injunction* posesorio y acción reivindicatoria en contra de la parte apelante.

El 15 de septiembre de 2023, el TPI emitió una orden en la que señaló para el 18 de octubre de 2023 la vista para atender la solicitud de *injunction* preliminar.

Un día antes de la celebración de la vista – 17 de octubre de 2023 – la representación legal del señor José Antonio Figueroa incoó una moción solicitando la desestimación de la demanda, fundamentada en falta de jurisdicción sobre la persona. En síntesis, argumentó que la falta de jurisdicción correspondía a la ausencia de emplazamientos conforme a la Regla 4 de las de Procedimiento Civil. Planteó que ello privaba al TPI la celebración de la vista de *injunction preliminar* y posible sentencia en su día.

El Municipio se opuso a la desestimación solicitada mediante el correspondiente escrito.

El 18 de octubre de 2023, el TPI dictó y notificó la orden que declaró *no ha lugar* la solicitud de desestimación por falta de jurisdicción. Ninguna de las partes solicitó la reconsideración o revisión judicial de dicha orden.

La vista de *injunction preliminar* se celebró el día pautado, en horas de la tarde y el señor José Antonio Figueroa compareció representado por su abogado. En esa primera vista las partes informaron de la posibilidad de un acuerdo de transacción que pondría fin a todas las controversias y solicitaron 60 días para reducirlo a escrito. A continuación, hubo varias incidencias procesales, que incluyeron la celebración de una vista de seguimiento el 9 de enero de 2024. En dicha vista, el abogado del señor José Antonio Figueroa informó al tribunal que le había cursado la propuesta transaccional a la representación legal del Municipio.

A pesar de las representaciones hechas en sala sobre el acuerdo transacional, el 12 de enero de 2024, el abogado del señor José Antonio Figueroa presentó una segunda moción solicitando la desestimación de la demanda por falta de jurisdicción, en la que esgrimió los mismos fundamentos expresados en su primera moción de desestimación.

El 22 de enero de 2024, el TPI en atención a la segunda solicitud de desestimación dictó una orden y dispuso:

> Nada que proveer en cuanto a la Solicitud de Desestimación por Falta de Jurisdicción presentada por la parte demandada. Dicho asunto fue atendido y declarado No ha Lugar el 18 de octubre de 2023 y notificado el mismo día.[1]

Inconforme, el 7 de febrero de 2024, la parte peticionaria incoó el presente recurso.[2]

## II.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[3] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional, pues una sentencia dictada sin jurisdicción es nula[4]. Cónsono con ello, el foro judicial está obligado a auscultar el cumplimiento de los

---

[1] Apéndice del recurso, pág. 57.
[2] Apuntó los siguientes señalamientos de error:
    (A) Erró Instancia al declarar NO HA LUGAR la "SOLICITUD DE DESESTIMACIÓN DE LA DEMANDA; POR FALTA DE JURISDICCIÖN", de este modo auto abrogándose facultades jurisdiccionales de las que ha carecido desde la radicación del caso
    (B) Erró Instancia al desatender las circunstancias constatable[s] en. los autos del caso de que no fueron sometidos para expedición, ni expedidos, ni diligenciados los emplazamientos dirigidos a la parte demandada.
    (C) Erró Instancia al desatender las circunstancias de que decursó fatalmente el término de 120 días provisto reglamentariamente para la expedición y diligenciamiento de emplazamientos a la parte demandada, así como lo resuelto en el caso de Bernier González v. Rodríguez Becerra (200 DPR 637), y el estado de derecho en cuanto a ello.
    (D) Erró Instancia al obviar los mandatos reglamentarios y del debido proceso de ley al desatender las obligaciones de auto revisión de su jurisdicción, y ser "celoso guardián" de esta.
[3] *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020).
[4] *Metro Senior v. AFV,* 209 DPR 203, 208-209 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).

requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[5]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[6] Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[7] Por esa razón, la Regla 83 del Reglamento del Tribunal de Apelaciones[8] nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

### III.

De los hechos procesales surge que el señor José Antonio Figueroa realmente solicita la revisión de la orden dictada y notificada el 18 de octubre de 2023, en la que el TPI expresamente le había denegado la solicitud de desestimación de la demanda por falta de jurisdicción sobre la persona por ausencia de emplazamientos. Como se ha mencionado, ninguna de las partes solicitó la reconsideración o revisión judicial de dicha orden.

Así que, tomando la orden notificada el 18 de octubre de 2023, como punto de partida para evaluar si este tribunal apelativo tiene jurisdicción para atender el recurso en sus méritos, corresponde determinar si la parte peticionaria recurrió ante este Foro en tiempo, según los términos establecidos en las Reglas de Procedimiento Civil y en el Reglamento de este Tribunal. Ambos estatutos conceden un término de cumplimiento estricto de treinta (30) días para presentar un recurso de *certiorari*.[9] Precisa señalar que un tribunal solamente tiene discreción para prorrogar los términos de cumplimiento

---

[5] *Ruiz Camilo v. Trafon Group, Inc.*, supra.
[6] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).
[7] *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 165 (2016).
[8] 4 LPRA Ap. XXII-B, Regla 83.
[9] Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2; Regla 32 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32.

estricto cuando se demuestra que la dilación se debió a justa causa.[10]

El recurso ante nuestra consideración fue presentado el 7 de febrero de 2024. La orden sobre la que realmente la parte peticionaria solicita revisión se dictó y notificó el 18 de octubre de 2023. En virtud de lo anterior, queda claro que la parte peticionaria presentó su recurso cuatro (4) meses después de dictada la orden. Es decir, transcurrido en exceso el término de cumplimiento estricto de treinta (30) días, y sin consignar la justa causa por la cual no cumplió con el referido término. Su incumplimiento privó a este Tribunal de autoridad para atender su escrito.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso por falta de jurisdicción.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *Rosario Domínguez et als. v. ELA et al.,* 198 DPR 197, 210 (2017).